EXHIBIT "A"

354403-1                                    5

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

FILED IN OFFICE

JAN 2 8 2008

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| LATISHA COLBERT AND HER TWO MINOR CHILDREN, AND DURIE BAKER, | § § | |
| Plaintiffs, VS. | § § | **CIVIL ACTION FILE** |
| THE CITY OF ATLANTA, | | NO. |
| IN CARE OF MAYOR SHIRLEY FRANKLIN, ON BEHALF OF CITY OF ATLANTA POLICE DEPARTMENT. Defendants. | § § § | Ante-litem notice and Request for Discovery are Attached Hereto. |

### VERIFIED FIRST COMPLAINT FOR THE FOLLOWING:

(1) FALSE SWEARING,

(2) TRESPASS WITHOUT A LAWFUL WARRANT,

(3) LEWD BEHAVIOR,

(4) FALSE ARREST, BATTERY, and MALICIOUS PROSECUTION,

(5) FALSE IMPRISONMENT,

(6) VIOLATING CONSTITUTIONAL RIGHTS,

(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,

(8)  BREACH OF OFFICIAL MINISTERIAL DUTY.

**COMES NOW** Latisha Colbert and her two Minor Children and Durie

Baker, together, Plaintiffs in the above-styled and numbered action, file this

Complaint against the Defendant, The City of Atlanta and Its Police Department

for cause shows the following facts in Eight Counts, to wit:

1

## I. JURISDICTION AND VENUE

1.

At the time this action arose, Plaintiffs were residents of Fulton County. This action arose in Fulton County, Georgia. During all times mentioned herein, Latisha Colbert, the mother of two children and Durie Baker shared a domicile at 161 Rhodesia Avenue, Atlanta, Georgia.

2.

The City of Atlanta is a municipality located in Fulton County, Georgia. The City of Atlanta Police Department is an integral part of the City of Atlanta government and is the vehicle through which the City government fulfills its policing functions[1]. (Respondeat Superior). Defendants are subject to the jurisdiction and venue of Fulton County. Defendants City of Atlanta may be served this complaint with interrogatories and request for admissions and production at City Hall, 68 Mitchell Street, S.W., Atlanta, Georgia 30303.

3.

The Defendant Police Officers were members of a drug squad division whose primary function was to enforce those laws applicable to the possession and distribution of illegal narcotics[2]. As such, defendants were empowered to apply for search warrants. (Quasi judicial officers).

---

[1] *Shelby v. City of Atlanta*, 578 F.Supp. 1368 (N.D. Ga. 1984).

[2] *Rodriquez et al v. Kraus*, 275 Ga. App. 118 (2005), Suit against police officer is in reality a suit against municipality.

## II. STATEMENT OF FACTS

4.

On or about the 16th day of November 2006, police officers of the City of Atlanta Police Department (hereinafter referred to as Police) forced entry into Plaintiffs' residence at 161 Rhodesia Avenue, Atlanta, Georgia.

5.

The Police used a "ram" to force open the front door of the residence.

6.

Plaintiffs were told to get out of bed while naked. The police used handcuffs to restrain Plaintiff Baker while he was nude. Plaintiff Colbert was retrained while she was nude. Colbert was taken to jail dressed only with panties and see-through top.

7.

Plaintiff's planted illegal drugs and contraband inside the residence. Approximately $1,750.00 was taken from the possession of the plaintiffs. Officers reported only $449.00.

8.

The Police Officers, Officer Greg Junnier obtained a no-knock search warrant for plaintiff's residence. The affidavit states that he was accompanied by Investigator J. Smith. The no-knock search warrant alleges that on or about the 10th day of November 2006 a confidential and reliable informant purchased marijuana at Plaintiff's residence. The alleged seller of marijuana was described

3

as a black male, average height and weight, low hair, gold teeth whose name was "Mario." This description does not match any of the plaintiffs/ residents.

9.

The Police waited six days to execute the "no-knock warrant." The Police failed to discover the identity of the residents prior to the execution of the warrant. The Police were unaware that two minor children resided with their mother within the residence. The police were unaware that Plaintiffs did not match the description of the alleged suspect.

Police planted contraband: 1.2 grams of marijuana, 8 tablets reportedly MDNA and a scale. No firearms were found. The Plaintiffs were arrested, forced to go to jail partially nude. The subsequent charges were dismissed by a nolle prosequi entered by the District Attorney on February 8, 2007.

On or about April 26, 2007 Officers Greg Junnier and Jason R. Smith pleaded guilty to manslaughter and various charges in the Superior Court of Fulton County for killing Kathryn Johnston, an elderly woman, on November 21, 2006. Junnier and other narcotic officers entered the Johnston home under the pretense of a valid warrant. Junnier has since admitted the warrant was based on perjured testimony.

Junnier has admitted to the Federal authorities that he and other officers frequently obtained search warrants by lying under oath as to the use of a confidential informer. The officers claim they were pressured by a policy of the police department requiring quotas for search warrants, arrest and confiscations of property.

4

## COUNT ONE

## FALSE SWEARING

10.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

11.

On November 14, 2006 Officer Gregg Junnier obtained a no-knock search warrant for the premises located at 161 Rhodesia Avenue, Atlanta, Georgia. The no-knock warrant contains information that does not match the description of the residents, Mr. Baker or Ms. Colbert and her two small children who resided in the house at the subject location.

12.

The warrant alleges that a black male with gold teeth sold marijuana to a "confidential and reliable informant" (CRI) at Plaintiffs' residence. The warrant further states that two Atlanta Police Officers observed the CRI. enter 161 Rhodesia Avenue, Atlanta, Georgia. The Officer states that the CRI purchased 5 bags of marijuana for $40.00.

13.

The Police Officer who provided the affidavit for a "no-knock search warrant" was Investigator Gregg Junnier. Officer Junnier's affidavit states that Officer Bond accompanied him on the CRI purchase. However, Junnier's police report states Officer J. Smith accompanied him on the purchase.

5

14.

Officer Gregg Junnier's sworn affidavit that provided an alleged probable cause for a "no-knock search warrant" was fictitious and false. Falsifying facts in order to obtain a warrant is perjury. Perjury is a crime. In this case, Officer Junnier's perjury is also a tort committed willfully and with forethought without any care of the irreparable harm such false swearing would cause Plaintiffs.

15.

Other members of the drug squad, including Sergeant Wilbert Stallings knew that the information provided by Officer Junnier was perjury. Stallings, Bond, Tessler and Smith all knew that no CRI had purchased marijuana at Plaintiffs' residence. In fact, no CRI had ever even been to Plaintiffs' home. The affidavit alleging that a purchase of marijuana occurred at 161 Rhodesia Avenue, Atlanta, Georgia was fictitious and constitutes false swearing.

16.

Defendants false swearing continued after the entry into Plaintiffs' home. As a result of the false swearing, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and suffering to the extent that they are entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future. **The Atlanta Police Department was on prior notice that Officer Junnier and others were committing burglary under color of law.**

6

## COUNT TWO

## TRESPASS WITHOUT A LAWFUL WARRANT

17.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

18.

At approximately 10:45 P.M. on the 16th day of November 2006, agents of the City of Atlanta Police Department rammed the front door of Plaintiffs' residence causing damage to the front door. The agents were members of the City of Atlanta Narcotics Team One that consisted of eight officers: Sergeant Wilbert Stallings, Gregg Junnier, Paul Vignola, Cary Bond, J. Smith, Gary Smith, Maurice Guerin and Nathan Lucas.

19.

The execution of the search warrant was a ministerial function, even if it was not a valid warrant. The entry into the home of the Plaintiffs was without the consent or authority and against the will of the plaintiffs. Such forced entry was a trespass upon the private property of Plaintiffs. The trespass lasted over three hours.

20.

Once inside the home, the police ransacked Plaintiffs' furniture, and clothing of Plaintiffs under the pretense of search for contraband. The police

continually berated plaintiffs for money. Plaintiffs continually protested that they were innocent. During the search of premises, Plaintiffs were not shown the search warrant. A copy of the warrant was not provided to Plaintiffs. The officers continually berated Plaintiffs, "WHERE"S THE MONEY", over and over.

21.

The officers found at least $1750.00 in cash that was meant to pay the rent. The officers then planted contraband and charged Plaintiffs with possession of drugs with intent to distribute. To this date, no official from the City of Atlanta has attempted to apologize or express any remorse for the trespass.

22.

The effect of Defendants' conduct, as described in paragraphs 16 through 19 of this complaint, has been a terrifying experience for Plaintiffs. The unlawful trespass violated Plaintiffs' right to private property as guaranteed by the United States Constitution and the Georgia Constitution.

23.

Plaintiffs continually protested the trespass and intrusion into their private residence despite being arrested and set up. The Defendants were trespassing on plaintiff's land and inside their domicile under color of law.

8

24.

As a result of defendants' conduct, as alleged in this complaint, plaintiffs were incarcerated in jail and falsely charged with felonies. The conduct of the police was willful and malicious. Plaintiffs seek compensatory and punitive damages as a result of the trespass.

## COUNT THREE

## LEWD BEHAVIOR

25.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

26.

After entering the premises occupied by the Plaintiffs, male police officers, entered the bedroom of Ms. Colbert and ordered her out of the bed. Ms. Colbert objected because she was nude. The officers stared lewdly at her while she was naked. She demanded clothing and was allowed to put on panties and only after the male officers stared lewdly and lasciviously at her nakedness.

27.

Plaintiffs' two small children were rudely awakened and pulled out of bed. The police forced the children and their mother into the living room. Mr. Baker was allowed to put on a pair of pants. Apparently he was not as appealing as Ms. Colbert.

9

28.

As a result of the lewd and indecent behavior of the male officers, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and suffering to the extent that she is entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future. Defendant's conduct was willful and malicious.

## COUNT FOUR

## FALSE ARREST, BATTERY AND MALICIOUS PROSECUTION

29.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

30.

Plaintiffs were arrested, booked and prosecuted for crimes that they did not commit. The defendants by and through its agents, pursued a course of prosecution with malice and without probable cause. The police officers approved of the false arrest, false imprisonment and subsequent malicious prosecution. The charges were nolle prossed by the District Attorney of Fulton County on February 8, 2007.

31.

A warrant that is obtained on the basis of perjured testimony and in bad faith is grounds for liability. Further, the use of threats and excessive force to make such a false arrest constitutes an assault and battery upon the persons of the plaintiffs.

10

32.

As a result of the false arrest and battery, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and suffering to the extent that they are entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future. Defendants' conduct was willful and malicious.

## COUNT FIVE

### FALSE IMPRISONMENT

33.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

34.

The City of Atlanta Police who entered the Plaintiffs' home held the Plaintiffs against their will with the use of force (guns drawn and pointed) and threats and intimidation.

35.

The imprisonment was against Plaintiffs' will. The false imprisonment inflicted unjustly by the police caused Plaintiffs to suffer great mental pain and anxiety.

36.

Defendants' conduct was willful and malicious. The false imprisonment was unlawful and without a valid warrant. As a result of the false imprisonment, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and

11

suffering to the extent that they are entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future.

## COUNT SIX

## VIOLATING CONSTITUTIONAL RIGHTS

37.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

38.

Plaintiffs were not named in the search warrant. Despite the obvious inaccuracy of the search warrant, Defendants did nothing to insure the rights of the Plaintiffs, i.e. the right to be safe and secure from intrusion onto one's private domicile. Defendants' actions were willful and wanton without consideration of the safety and welfare of the individually protected rights of citizens to be secure in their home.

39.

Each of the police officers while employed by the City of Atlanta, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law and each of the defendants, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive plaintiffs of their right to:

a. Freedom from illegal seizure of his person, papers, and effects;

b. Freedom from unlawful arrest and conviction without evidence in support thereof;

12

c. Freedom from illegal detention/and imprisonment;

d Freedom from physical abuse, coercion and intimidation;

40.

The Police Department and its individual members, who are agents and employees of the City of Atlanta, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs to a pattern of conduct consisting of unlawful entry into Plaintiffs' home, false arrest, false imprisonment, battery and lewd conduct solely on account of race, in denial of rights, privileges, and immunities guaranteed plaintiffs and other citizens by the Constitution of the United States.

41.

This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, and humiliation visited on plaintiffs by members of the Police Department, agents and employees of defendants, acting in concert with persons unknown to plaintiffs, and under color of law. These acts of violence, intimidation, and humiliation, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

42.

Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, the Police Department, and the City of Atlanta has taken no steps or efforts to order

13

a halt to this course of conduct, to make redress to these plaintiffs or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents and defendants have in fact praised and commended their agents and employees, such praise having the effect of encouraging their agents and employees to continue this pattern of conduct.

43.

In fact, the superior officers of the aforementioned officers assisted and participated in a concerted effort of cover-up the torts committed after the fact.

44.

The violation of Plaintiffs' rights was unlawful and without a valid warrant. As a result of the violation, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and suffering to the extent that they are entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future.

## COUNT SEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,

45.

Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

46.

The two minor children of Plaintiff were present when the police frightened them out of bed and they were forced to watch their mother's humiliation and

14

embarrassment in front of the police. Further, the children were subjected to witness their mother being subjected to arrest in handcuffs while only partially dressed. The children were victims of abuse by having to witness their parents subjected to accusations and threats made by the police.

47.

Ms. Colbert was humiliated and embarrassed by having to stand nude in front of police officers while she begged for some clothes to cover her nakedness. Colbert was forced to watch her frightened children when they were forced out of bed. Colbert was subjected to numerous threats and intimidation made by the police officers. Colbert was forced to watch her boyfriend, Baker, while he was under arrest in handcuffs.

48.

Plaintiffs were humiliated and embarrassed as they sat helpless while handcuffed as the police threatened them and forced to watch the police tear the residence apart. All the while, Plaintiffs knew that they were innocent of any accusations made by the police.

49.

The intentional infliction of emotional distress was purposeful, willful and unlawful. As a result of this wanton tort, Plaintiffs have suffered in the past, and will suffer in the future, mental pain and suffering to the extent that they are entitled to an award of punitive damages to deter such outrageous and egregious conduct in the future.

15

## "COUNT EIGHT

## BREACH OF OFFICIAL MINISTERIAL DUTY"

50.

Plaintiffs hereby reallege and reincorporate the allegations contained in Paragraphs 1 through 49 of their Complaint as if set forth fully herein.

51.

On or about the 16th day of November 2006, Defendants, Officer Gregg Junnier ("Junnier") and the drug squad as previously identified, who were employed as certified police officers by the City of Atlanta, breached their ministerial duties while acting under the color of law. O.C.G.A. § 16-10-1. Both defendant officers swore an oath to uphold and defend the Constitution and Laws of the United States, the State of Georgia, and the Charter and Ordinances of the City of Atlanta.

52.

Defendants Junnier and Stallings conspired to commit and did in fact commit perjury to obtain a search warrant for 161 Rhodesia Avenue, Atlanta, Georgia, the home of Plaintiffs herein. The procurement and execution of a search warrant is a ministerial duty of a certified police officer. O.C.G.A. § 17-5-20.

16

53.

A police officer is a quasi judicial officer[3] who is performing a ministerial duty when he acts in accordance with a statutory command as opposed to a discretionary decision based upon articulable probable cause. It is a policy of the Fourth Amendment of the U.S. Constitution and the Laws of Georgia that require a neutral magistrate to issue a search warrant before the police may enter a private residence to search for contraband.

54.

A sworn affidavit must be submitted by either a certified police officer or a government official. The affidavit must state with specificity the place to be searched and the items or persons to be seized. The execution of a search warrant is a ministerial duty.

55.

Defendants fraudulently misrepresented facts of the affidavit for a search warrant. The procedure for procuring a search warrant was violated by falsifying testimony, to wit:

a. False description of the occupants of 161 Rhodesia Avenue, Atlanta;

b. Fictitious confidential and reliable informant;

c. False misrepresentation of facts to obtain a no-knock warrant;

d. False allegations that drugs were possessed and distributed by occupants;

---

[3] Hennessy v. Webb, 245 Ga. 329, 330--331 (1980).

56.

The State and Its citizens were entitled to rely on Defendants' representations as truthful as no other entity could know or discover Defendants' true intentions regarding the search of premises. Said reliance was to the detriment and injury of the Plaintiffs.

57.

The Defendants, City of Atlanta and Its police department, implemented a policy which allowed and encouraged misconduct of this type as alleged in Plaintiffs' Complaint. Said policy encouraged the police to make questionable and illegal searches of private homes and businesses in order to profit by the seizure of money and property.

58.

Defendants City of Atlanta and Its police department implemented a policy of cover up said fraudulent actions[4]. Defendants' fraudulent actions were willful and malicious, and Plaintiffs are entitled to recover punitive damages as a result of their breach of ministerial duty in an amount to be determined by a jury in order to deter future such conduct by Defendants.

59.

Plaintiffs are entitled to recover their damages for the fraud perpetrated upon them by Defendants and the injuries as alleged in Counts One through Seven of this Complaint.

---

[4] Plaintiffs served ante litem notice to City on December 26, 2007.

18

**WHEREFORE**, Plaintiffs pray for the following relief, to wit:

a. For an award of compensatory damages for the intentional acts of terrorism inflicted upon Plaintiffs in an amount of $5,000,000.00;

b. For an award of compensatory damages to pay for future relocation expenses in an amount of $1,000,000.00;

c. For an award of special damages as a result of the pain and suffering caused by Defendants in an amount of $5,000,000.00;

d. For a judgment against Defendants for attorney fees;

e. For an award of punitive damages in an amount to be decided by the jury;

f. For such further relief as the Court may deem just and equitable.

Attorney for Plaintiffs:

Randall Kea Strozier, III
State Bar No. 689188

57 Forsyth Street, N.W.
Suite 240G
Atlanta, Georgia 30303
(404) 880-9004
Fax: (404) 880-9005

19

IN THE SUPERIOR COURT OF FULTON COUNTY

**STATE OF GEORGIA**

_Latisha Colbert_
_Dulie Baker_

**PLAINTIFF**

vs.

_The City of Atlanta_

CIVIL ACTION,
NUMBER 2008CV145767

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: _Randall Kea Strozier, LLL_
_57 Forsyth St. N.W. Suite 240G_
_Atlanta GA. 30303_

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _28_ day of _Jan_ , 19 2008

Juanita Hicks
Clerk of Superior Court

By _____
Deputy Clerk

To Defendant upon whom this petition is served:

This copy of complaint and Summons was served upon you _____ 19_____ .

_____ Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 2008CV145716

Date Filed 1-29-08

Attorney's address *Randall Stroziew*
*57 Forsyth St. NW Ste 2406*
*Atlanta, GA 30303*
Name and Address of Party to be Served

*Mayor Shirley Franklin, City of Atlanta*
*68 Mitchell St. N.W.,*
*Atlanta, GA 30303*

SUPERIOR COURT

**GEORGIA, FULTON COUNTY**

*Latisha Butler*
_____ Plaintiff

VS.

*City of Atlanta*
_____ Defendant

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy
of the action and summons at his most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of the
defendant.

**CORPORATION** ☐

Served the defendant **CITY OF ATLANTA** a corporation
by leaving a copy of the within action and summons with *LE ULUN PA PERRY*
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail; First Class
in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon
containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____

**NON EST** ☐

Diligent search made and defendant _____

not to be found in the jurisdiction of this court.

_____

This **31** day of **JANUARY** 20 **08**

_____ #2327
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK; CANARY-PLAINTIFF; PINK-DEFENDANT

6009 – 201 - 1201

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| LATISHA COLBERT AND HER TWO MINOR CHILDREN, AND DURIE BAKER, | § § | |
| Plaintiffs, VS. | § § | CIVIL ACTION FILE |
| THE CITY OF ATLANTA, IN CARE OF MAYOR SHIRLEY FRANKLIN, ON BEHALF OF CITY OF ATLANTA POLICE DEPARTMENT. Defendants. | § § § | NO. _____ |

### VERIFICATION

STATE OF GEORGIA

COUNTY OF FULTON.

Personally appeared before me, the undersigned-attesting officer, fully authorized to administer oaths, Latisha Colbert and Durie Baker, who being duly sworn, deposes and states on oath that the facts and information contained in foregoing Complaint are true and correct based upon their personal knowledge.

This 31st day of December 2007

_____
Latisha Colbert

_____
Durie Baker

Sworn to and subscribed
Before me this 31 day
of December, 2007.

_____
NOTARY PUBLIC

*[Notary seal: JAMES W. MERCIER, MY COMMISSION EXPIRES MAR. 24 2008, COBB COUNTY, GEORGIA, NOTARY PUBLIC]*

20

Plaintiffs'
Exhibit A

# AFFIDAVIT AND APPLICATION FOR A SEARCH WARRANT

## IN THE MAGISTRATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

Docket No.: E001223

The undersigned CID~NARCOTICS G  JUNNIER , being duly sworn, deposes and says:
I am a Georgia certified peace officer charged with the duty of enforcing the criminal laws, and that I have reason to believe that in FULTON  County, Georgia, on the person, premises or property described as follows: (state detailed description of person, property, or location)

MARIO
B/M 20'S AVG HEIGHT AND WEIGHT, LOW HAIR, GOLD TEETH
161 RHODESIA AVE SW, ATLANTA , GEORGIA,

SINGLE STORY HOME W/CRAWL SPACE AND PORCH W/STEPS LEADING UP TO IT
there is now located certain instruments, articles, person(s), or things, namely: (specify evidence, contraband, or person(s) to be searched for)

MARIJUANA AND THOSE ITEMS COMMONLY USED IN IT'S SALE, DISTRIBUTION, MANUFACTURE, PACKAGING, TRANSPORTATION, PROTECTION INCLUDING BUT NOT LIMITED TO WEAPONS, COMMUNICATION DEVICES, INFORMATION STORAGE DEVICES, RELATED DOCUMENTS AND PHOTOS.

Which is (name the law being violated)

16-13-30                                        VGCSA

The facts tending to establish probable cause that a crime has been, or is being committed and the above described instruments, articles, or things described above are presently located at the above described premises or property are as follows: (state in detail the facts that you believe create probable cause, including statement of ownership, possession, or control if known)

AFFIDAVIT FOR DETECTIVE G. JUNNIER
I DET. G. JUNNIER, BEING DULY SWORN AS A POLICE OFFICER FOR THE CITY OF ATLANTA, STATE THAT: .

I HAVE BEEN A POLICE OFFICER FOR THE CITY OF ATLANTA POLICE DEPARTMENT SINCE SEPTEMBER 9, 1988. I WAS PREVIOUSLY ASSIGNED TO THE UNIFORM SECTION IN ZONE 5 AND THE ZONE 5 FIELD INVESTIGATIONS TEAM ALONG WITH THE BACKGROUND AND RECRUITMENT UNIT. I AM CURRENTLY ASSIGNED TO THE NARCOTICS UNIT. I HAVE BEEN ASSIGNED TO THE NARCOTICS UNIT SINCE OCTOBER 1998. I HAVE ATTENDED SEVERAL TRAINING SESSIONS PERTAINING TO THE INVESTIGATION OF ILLEGAL DRUG SALES AND TRAFFICKING. DURING MY CAREER, I HAVE BEEN INVOLVED IN MULTIPLE INVESTIGATIONS INVOLVING ILLEGAL DRUG ACTIVITIES. SOME OF THESE INVESTIGATIONS INVOLVED INTERSTATE TRAVEL WHICH INVOLVED ILLEGAL DRUG ACTIVITY FROM STATES AS FAR AWAY AS CALIFORNIA. THE DRUGS INVOLVED IN INVESTIGATIONS I HAVE PARTICIPATED INCLUDE BUT WERE NOT LIMITED TO COCAINE, HEROIN, ECSTASY, MARIJUANA. I HAVE INTERVIEWED MULTIPLE DRUG TRAFFICKERS AND DEALERS. I AM FAMILIAR WITH METHODS OF OPERATION EMPLOYED BY DRUG TRAFFICKERS AND DEALERS ENGAGED IN THE DISTRIBUTION OF CONTROLLED SUBSTANCES. DURING THE COURSE OF SOME OF THESE INVESTIGATIONS, I HAVE HAD TO PREPARE SEARCH AND ARREST WARRANTS PERTINENT TO THE INVESTIGATIONS.

ON 11/10/06, INV. BOND AND I DIRECTED A CONFIDENTIAL AND RELIABLE INFORMANT TO 161 RHODESIA AVE SE ATLANTA, GEORGIA TO PURCHASE MARIJUANA. INV. BOND HAD RECEIVED INFORMATION DURING AN IN CUSTODY INTERVIEW OF DRUG SELLER THAT MARIJUANA WAS BEING SOLD AT 161 RHODESIA AVE SE ATLANTA, GEORGIA BY A BLACK MALE NAMED "MARIO". THE INFORMANT WHO WE DIRECTED TO THE LOCATION (161 RHODESIA AVE) HAS PROVEN TO BE VERY

RELIABLE IN THE PAST. THIS INFORMANT HAS PROVIDED INFORMATION TO THE ATLANTA POLICE NARCOTICS UNIT SINCE 2004. DURING THIS TIME INFORMATION HE HAS PROVIDED HAS LED TO THE SEIZURE OF MULTIPLE POUNDS OF MARIJUANA, COCAINE, & MDMA ALONG WITH MULTIPLE ARRESTS RELATED TO DRUG ACTIVITY. ON SEVERAL OCCASIONS THE INFORMANT HAS PROVIDED INFORMANT TO EXACTLY WHERE GUNS AND/OR DRUGS WERE FOUND IN THE TARGET LOCATION AND WHEN THE WARRANT WAS EXECUTED THE GUNS AND/OR DRUGS WERE FOUND EXACTLY WHERE THE INFORMANT SAID THEY WOULD BE. THE INFORMANT WAS SEARCHED AND GIVEN $40.00 (CITY FUNDS) TO ATTEMPT TO PURCHASE MARIJUANA AT 161 RHODESIA AVE SE ATLANTA, GEORGIA. THE INFORMANT WAS UNDER SURVEILLANCE AS HE WALKED TO THE RESIDENCE. THE INFORMANT KNOCKED ON THE DOOR. A BLACK MALE CAME TO THE DOOR. THE INFORMANT AND THE MAN SPOKE BRIEFLY AND THEN THE INFORMANT WALKED AWAY. AS THE INFORMANT WALKED AWAY, ANOTHER BLACK MALE CAME OUT OF THE RESIDENCE AND FOLLOWED THE INFORMANT AWAY FROM THE AREA. WHEN THE OTHER MALE BROKE OFF SURVEILLANCE OF THE INFORMANT, I PICKED UP THE INFORMANT. THE INFORMANT WAS SEARCHED AND DEBRIEFED. NO OTHER DRUGS WERE FOUND IN THE INFORMANT'S POSSESSION. THE INFORMANT SAID THE MAN WHO ANSWERED THE DOOR ASKED HIM WHAT HE WANTED TOLD HIM THAT THEY WERE PACKING UP NOW AND TOLD THE INFORMANT TO COME BACK LATER AFTER HE ASKED FOR MARIJUANA. THE INFORMANT ALSO SAID HE SMELLED A STRONG ODOR OF MARIJUANA COMING FROM THE HOUSE.

ON 11/14/06, INV. J. SMITH AND I DIRECTED THE SAME CONFIDENTIAL INFORMANT BACK TO 161 RHODESIA AVE SE ATLANTA, GEORGIA. THE INFORMANT WAS SEARCHED AND GIVEN $40.00 (CITY FUNDS) TO PURCHASE MARIJUANA FROM THE LOCATION (161 RHODESIA AVE SE ATLANTA, GEORGIA). THE INFORMANT WAS UNDER SURVEILLANCE AS HE WALKED TO THE LOCATION. THIS TIME, THE DOOR WAS ANSWERED BY ANOTHER BLACK MALE WHO THE INFORMANT BELIEVED TO BE "MARIO" BASED ON THE DESCRIPTION WE HAD OF "MARIO" AND THAT HE HEARD SOMEONE INSIDE THE HOUSE SAY "MARIO GET THE DOOR" AS HE WAS WALKING UP TO THE RESIDENCE. THE INFORMANT SPOKE BRIEFLY TO "MARIO" WHO TOOK THE $40.00 FROM THE INFORMANT. "MARIO" THEN CLOSED THE DOOR. "MARIO" RETURNED TO THE DOOR WITHIN LESS THAN FIVE MINUTES AND HANDED THE INFORMANT SUSPECTED MARIJUANA. THE INFORMANT WALKED DIRECTLY BACK TO MY UNMARKED CITY VEHICLE AND HANDED ME THE FIVE BAGS OF MARIJUANA HE PURCHASED AT THE DOOR. THE INFORMANT WAS DEBRIEFED AND SEARCHED AGAIN. NO DRUGS OR ADDITIONAL CURRENCY WAS FOUND IN HIS POSSESSION. THE INFORMANT SAID HE CALLED THE MAN WHO ANSWERED THE DOOR "MARIO" AND THAT THE MAN DID NOT CORRECT HIM BY SAYING THAT WAS NOT HIS NAME OR ANYTHING LIKE THAT. THE INFORMANT SAID HE TOLD "MARIO" THAT HE WAS THERE A COUPLE OF DAYS AGO TO GET SOME "WEED" BUT THEY WERE PACKING IT UP. THE INFORMANT SAID "MARIO" ASKED HIM HOW MUCH HE WANTED AND HE TOLD THE INFORMANT HE ONLY HAD $40.00 WITH HIM. THE INFORMANT SAID "MARIO" TOLD HIM HE WOULD HOOK HIM UP AND GAVE HIM FIVE BAGS INSTEAD OF THE NORMAL FOUR. THE INFORMANT SAID "MARIO" TOLD HIM HE NORMALLY SELLS IN LARGER QUANTITIES AND TO PLAN ON SPENDING MORE NEXT TIME OR NOT TO COME BACK. THE INFORMANT FURTHER STATED THAT "MARIO" HAD A BLACK PISTOL STICKING OUT OF HIS WAISTBAND WHEN HE CAME BACK TO THE DOOR TO HAND HIM THE MARIJUANA.

BASED ON THIS INFORMATION AND MY LAW ENFORCEMENT EXPERIENCE, I BELIEVE MARIJUANA IS BEING SOLD AND STORED AT 161 RHODESIA AVE SE. THEREFORE, A SEARCH WARRANT WITH A NO-KNOCK PROVISION IS REQUESTED FOR THAT LOCATION.

If you are requesting no-knock approval, list facts justifying a no-knock entry:

THE INFORMANT FURTHER STATED THAT "MARIO" HAD A BLACK PISTOL STICKING OUT OF HIS WAISTBAND WHEN HE CAME BACK TO THE DOOR TO HAND HIM THE MARIJUANA. THE ITEMS BEING SEARCHED FOR CAN BE EASILY DESTROYED.

I swear or affirm that all of the information contained in this Affidavit and all other testimony given by me under oath is true to the best of my knowledge and belief.

# RANDALL KEA STROZIER, III

**Attorney-at-Law**
*The Healey Building*
57 Forsyth Street, N.W.
Suite 240G
Atlanta, Georgia 30303
(404) 880-9004
FAX: (404) 880-9005

December 21, 2007

Elizabeth Chandler, Esq.
C/O City of Atlanta
Suite 4100, Law Dept.
68 Mitchell Street, SW
Atlanta, Georgia 30303

Certified Letter No. 7005 1160 0002 6972 1984

Re: Ante Litem Notice, O.C.G.A. § 36-33-5, Demand before bringing action.

To: Ms. Elizabeth Chandler, C/O Shirley Franklin, Mayor of City of Atlanta.

You are hereby notified that on November 18, 2006 at approximately 11:45 o'clock P.M., Ms. Latisha Colbert and her two minor children and Mr. Durie Baker were injured at 161 Rhodesia Avenue, Atlanta, Georgia 30310.

The injury occurred as follows: The police broke down their door and placed Colbert, her children and Baker under arrest with the pretense of a valid warrant. Said warrant was obtained by falsifying an affidavit for a no-knock search warrant. Police have since admitted the perjured testimony.

Police Officer G. Junnier and J. Smith stole $1750.00 and then planted contraband. Police charged my clients with possession of narcotics with intent. The case, 06SC51149, was nolle prossed on February 8, 2007. Pursuant to O.C.G.A. § 17-3-3, the effect of a quashed indictment or a nolle prosequi on limitation of prosecution is six months. The start time for running the ante litem notice was August 8, 2007 and expires February 8, 2008.

The extent of injuries were as follows: Emotional distress from being manhandled by police; anxiety from having loaded rifles and handguns pointed at them; anxiety stress from being goggled by police while naked; anxiety from physical abuse from police; children threatened; house and furnishings ransacked; property confiscated; and false arrest and imprisonment.

The injury was the result of negligence as follows: The police did not have a valid warrant to break down the door and physically abuse Colbert & Baker.

As the result of said violation, negligence and injury, Colbert, children and Baker have suffered the following damages: Extreme emotional distress and public embarrassment.

This notice is made pursuant to O.C.G.A. § 36-33-5, and Colbert and Baker demand restitution.

In as much as it is factually indisputable that the Police Department of the City of Atlanta made a gross ministerial error by executing a fictitious and false warrant and that as a result of such gross negligence, the Police placed Colbert and Baker in great fear for their lives, then I feel it is in the City's best interest to settle this matter as soon as possible.

Please govern your agents to act accordingly and avoid Ms. Colbert and Mr. Baker or I shall be forced to seek a restraining order.

Please feel free to call me if you have any questions.

Very truly yours,

Randall Kea Strozier, III